THE KELLY FIRM, P.C.
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
Attorneys for Debtor
ANDREW J. KELLY AK6477

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| | : | Case No. 11-25366/MBK |
| JOSEPH R. GROGAN, | : | |
| | : | CERTIFICATION IN SUPPORT OF |
| | : | MOTION AUTHORIZING SALE OF |
| Debtor. | : | REAL PROPERTY AND |
| | : | DISBURSEMENT OF SALE |
| | : | PROCEEDS |
| | : | |
| | : | Hearing Date: September 27, 2011 |
| | : | 9:00 a.m. |
| | : | |
| | : | Oral Argument Requested |

JOSEPH R. GROGAN, of full age, does hereby certify as follows:

1. I am the Debtor in the above-captioned Chapter 13 proceeding filed on May 17, 2011 and I am fully familiar with the facts as set forth herein.

2. I am the owner of real property commonly known as 221-221-1/2 East Main Street, Manasquan, New Jersey ("Subject Property").

3. Although I am the owner of the Subject Property, my ex-wife, Lauren Grogan has authority to enter into a Contract to sell the Subject Property pursuant to a Property Settlement Agreement dated April 13, 2010.

3. On May 25, 2011, Lauren Grogan, entered into a Contract of Sale with Lynn Ficalora ("Ms. Ficalora") for the sum of $515,000.00. A copy of the Contract for Sale and

amendatory letters are annexed hereto as **Exhibit "A"**. After consummation of the sale, I will retain no ownership interest in the subject property.

4. Because of the Debtor's record interest in the Subject Property, it is necessary to apply for an Order authorizing conveyance of the Debtor's interest in the Subject Property free and clear of liens. The aforesaid property is encumbered by a first mortgage held by Oceanfirst Bank in the approximate amount of $409,338.45, a second mortgage held by Ansell, Zaro, Grimm & Aaron in the approximate amount of $10,000.00 and a third mortgage held by Marguerite A. Maggs, Esq. in the approximate amount of $17,500.00.

5. In addition to the liens set forth in Paragraph 4, an Upper Court Judgment Search reveals that judgments have been docketed in the State of New Jersey which judgments may be liens against the Debtor's interest in the Subject Property. A copy of the Upper Court Judgment Search is annexed hereto as **Exhibit "B"**. Absent some acceptable settlement agreement, the Debtor intends to file an adversary proceeding to determine the extent, validity and priority of the judgment liens and reserves all rights to contest the validity and avoidability of said judgment liens.

6. Ms. Ficalora is a purchaser for "value". The proffered purchase price is $515,000.00. The offer of $515,000.00 is a fair and reasonable offer. The Subject Property has been marketed by a licensed realtor through the New Jersey Multiple Listing Service and the sale offer is the highest and best offer presented.

7. Ms. Ficalora is a "good-faith" purchaser under the criteria set forth in In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3rd Cir. 1986). Ms. Ficalora is an arms length buyer and is not related to the Debtor in any way. After the consummation of the sale, the Debtor will retain no ownership interest in the Subject Property. The Debtor has no arrangement

with Ms. Ficalora and will derive no benefit from the transaction except as has been disclosed herein. There is no other agreement between the Debtor and Ms. Ficalora except as disclosed herein and, accordingly Ms. Ficalora satisfies the criteria of a "good-faith" purchaser promulgated in <u>Abbotts Dairies</u>.

8. It is in the best interest of the estate to sell the property because the property represents a substantial portion of the Debtor's assets, and its sale will result in the satisfaction of a substantial portion of the Debtor's liabilities.

9. At the closing, the proceeds of the sale will be utilized to satisfy Oceanfirst Bank, Ansell, Zaro, Grimm and Aaron and Marguerite A. Magg's respective secured claims, to pay any open real estate taxes on the Subject Property, and to pay ordinary closing costs, including, but not limited to, any applicable broker's commission as allowed by the Court. Debtor is seeking approval to pay a real estate broker's commission of 5% of the sale price as provided for in the Contract of Sale. The balance of sale proceeds remaining after payment of these costs at closing will be deposited into trust with the Chapter 13 Trustee, Albert Russo, Esq., with valid liens to attach to the net proceeds of sale.

10. In light of the foregoing, the Debtor respectfully requests that the Court authorize the sale of the subject real property to Lynn Ficalora, free and clear of all liens, claims and encumbrances, with liens, if any, to attach to the proceeds of sale, and to further authorize the disbursement of the closing proceeds in accordance with the terms set forth above in Paragraph 9.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 22, 2011

*/s/ Joseph R. Grogan*
JOSEPH R. GROGAN